THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOLMES W. BUR-
    LINGAME, Appellant, *v.* EMMA Q. HAYWARD and Others, Consti-
    tuting the Board of Education of the Warsaw Union Free School
    District, and as Trustees of Warsaw Union School, Respondents.

*Civil service — right of a veteran to a preferential appointment as a janitor of a school building in a union free school district.*

A union free school is not, within the meaning of chapter 312 of the Laws of
    1884, as finally amended by chapter 821 of the Laws of 1896, a public depart-
    ment of the State or of a village in it, and the board of education of the district,
    to which is committed, by the Consolidated School Act, the care of the school
    building, is not subject to the direction or control of the village or State
    authorities in the exercise of such duties, and cannot be compelled to give
    preferential employment, as a janitor of the school building, to a veteran of
    the late war under the statute entitling such veteran to preferential employ-
    ment in the public service in every public department of the State, counties,
    cities and villages, and upon all public works of the State, counties, cities and
    villages.

APPEAL by the relator, Holmes W. Burlingame, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Wyoming on the 4th day of March, 1897, upon the decision of the court rendered after a trial at the Wyoming Trial Term before the court without a jury.

*E. W. Holt,* for the appellant.

*George W. Botsford,* for the respondents.

Judgment affirmed, without costs, on the opinion of LAMBERT, J., delivered at Special Term.

All concurred.

The following is the opinion of LAMBERT, J.:

LAMBERT, J.:

A writ of mandamus was issued herein upon the affidavit of the relator by the authority of chapter 312 of the Laws of 1884, as finally amended by chapter 821 of the Laws of 1896, requiring the members of the respondent to convene as a board and to give to the relator, a veteran of the late war, a preferential employment as janitor of the respondents' school building and make return to the writ within twenty days. The school district is within the corporate limits of the village of Warsaw. The respondent entered a demurrer upon the ground that the facts stated in the affidavit did not furnish warrant for the legal relief sought. By the statute referred to, the Legislature intended to create a privileged class entitled to preferential employment in public service in every public department of the State, counties, cities and villages, and upon all public works of the State, counties, cities and villages.

The question here is whether the union free school is, within the meaning of the statute, a public department of the State or village. I do not think it is. The respondent is a school district organized, existing and supported by taxation levied upon the taxable inhabitants of the district, which may or may not be co-extensive with the corporate limits of the village; and when organized by force of the statute, becomes a district having a distinct classification in the civil divisions of the State. The care of the school building is committed, by the Consolidated School Act, to the board of education, and the board is in no way subject to the direction or control of the village or State authorities in the execution of such duties, and, in my judgment, under no legal requirement to prefer the relator as janitor. A privilege of this character must have its foundation in express provision of the statute. The demurrer should be sustained.