THE PEOPLE OF THE STATE OF NEW YORK ex rel. MATHEW
    McAVOY, Appellant, v. THE SCHOOL BOARD FOR THE BOROUGH
    OF RICHMOND, CITY OF NEW YORK, Respondent.

*Civil service — a veteran, a janitor of a union free school, is not protected from dis-
charge by chapter 821, Laws of 1896.*

A veteran, who has served as janitor of a union free school, is not within the
    protection of chapter 821 of the Laws of 1896, amending chapter 716 of the
    Laws of 1894, which provides that honorably-discharged Union soldiers shall
    not be discharged from certain public employments without a hearing upon
    charges preferred.

APPEAL by the relator, Mathew McAvoy, from a judgment of the
Supreme Court in favor of the defendant, entered in the office of
the clerk of the county of Richmond on the 25th day of February,
1899, upon the decision of the court rendered after a trial at the
Kings County Special Term dismissing an alternative writ of man-
damus, issued on the application of the relator to secure his rein-
statement as janitor of the Rosebank School of Richmond county.

*Sixt Carl Kapff*, for the appellant.

*William J. Carr*, for the respondent.

PER CURIAM:

The only question involved in this appeal is one of law, and we
are of opinion that the learned trial court has correctly determined
the matter by dismissing the alternative writ of mandamus.

The relator was the janitor of the Rosebank School, which is a
union free school, and he is conceded to have been an honorably-
discharged Union soldier. The question before the court on this
appeal is whether the relator, as such janitor, was within the protec-
tion of chapter 821 of the Laws of 1896, amending chapter 716 of
the Laws of 1894, which requires that honorably-discharged Union
soldiers shall not be discharged from certain public employments
without a hearing upon charges preferred. The learned trial court
found the facts in accord with the contentions of the relator, but
decided as a matter of law that he was not within the protection of
the statute, and that his discharge from the position of janitor was

within the discretion of the officers of the school district. The case of *People ex rel. Burlingame* v. *Hayward* (19 App. Div. 46) seems to us decisive upon this point.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs. This decision renders application for substitution unnecessary, unless the applicant wishes to continue the litigation, in which case his application may be made at Special Term.

NOTE.— The rest of the cases of this term will be found in the next volume, 44 App. Div.— [REP.